STATE OF NORTH CAROLINA v. PATRICIA COMMEDO AND JANICE HAMMOND

No. 8026SC911

(Filed 17 February 1981)

**Criminal Law § 113.7— charge on acting in concert**
    It is not necessary for a defendant to perform some act which forms an element of the crime charged in order to be guilty of acting in concert, and the trial court in an armed robbery case properly instructed the jury on acting in concert where the evidence tended to show that the two defendants discussed and planned together how they would lure the victim inside a house for the purpose of assaulting and robbing him; the first defendant invited the victim into the house and requested that he be seated; the victim sat with his back to the door and the first defendant sat opposite him to divert his attention from the door; a few seconds later the second defendant, completely disguised, entered and assaulted the victim with a shotgun and took his money; and defendants then carried out their planned charade of treating the first defendant as a victim of the robbery.

APPEAL by defendants from *Gaines, Judge.* Judgments entered 1 May 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 February 1981.

Defendants were charged with and convicted of armed robbery. They appeal from sentences of imprisonment. Evidence necessary for resolution of the appeal is contained in the opinion of the Court.

*Attorney General Edmisten, by Associate Attorney Thomas G. Meacham, Jr., for the State.*

*Cherie Cox, Assistant Public Defender, Twenty-Sixth Judicial District, for defendant appellants.*

MARTIN (Harry C.), Judge.

Defendants urge one question on appeal, that the trial court erred in failing to instruct the jury on the principle of aiding and abetting and in charging upon acting in concert instead. A written request to so charge was filed by defendants and refused by the trial judge. Defendants do not contend that the charge on acting in concert was defective, but only that it was not appropriate under the facts of this case. Defendants insist they were entitled to instructions on acting in concert *and* aiding and abetting. They argue that defendant Hammond did not commit any act that forms a part of the offense charged.

State v. Commedo

The evidence pertinent to this issue is:

David Lee Coxton testified:

> After she called me and said Janice wanted to see me, Patricia Commedo or Commodore went to the house, in the house Janice was staying in. I then walked on down to see what Janice wanted . . . .
>
> When I got down to Janice's house, Janice took me into the back room . . . . She asked me to make the phone call for her. She wanted me to call Ray's for her. She wanted to get a check cashed . . . .
>
> . . . I called Ray's, and I told them Jackie needed to get a check cashed and could they send a man out.
>
> . . . .
>
> . . . I went down there and told Janice that the man was coming.

Stanley Dale Caldwell testified:

> Janice said she needed some money. Commodore said that she needed some money . . . .
>
> . . . .
>
> . . . [W]hile Janice Hammonds and Patricia Commodore were there with me in the living room, Janice told me that Ray Furniture Company was supposed to be coming to the house and said that when he knocked on the door, she was going to let him in and Commodore was supposed to come out of the back room with a shotgun. Janice was supposed to pretend she doesn't know what's going on.

Loretta Hammond, defendant Hammond's sister, testified:

> I heard the whole thing that was said between Patricia Commodore and Janice Hammonds. I heard them talking about they were going to rob Ray's . . . . [T]hey were going to rob Ray's Furniture Company. They were going to tell him that somebody had a check and for somebody to come and cash the check and Commodore was going to be standing in front of the house and give the man a

chance to get inside the house and come from behind him and hit him.

Kenneth B. Kirkpatrick, the prosecuting witness, testified:

> I went to 4348 Humphrey Street around noon. I have been to that address three or four times previously. Loretta Hammond and Jacqueline Hammond live there. They have an account with Ray's Furniture Company. I have been to that address before.
>
> ...Janice Hammond answered the door and invited me inside and requested that I have a seat. I was familiar with Janice Hammond because once or twice she had been in the home when I had cashed checks for her two sisters . . . .
>
> ... At that time I had a seat sitting close to the door. I was in the living room. Janice Hammond crossed the room and was seated on the couch. Approximately thirty seconds to a minute later after I had entered the house, someone entered the front door and struck me twice. The person who entered the front door had on green Army fatigues, combat boots, stocking mask, a white, knit type toboggan over their head.

Defendants contend that the evidence does not show that Hammond performed any act which forms an element of the criminal offense, and therefore it was error to charge on acting in concert. They rely upon *State v. Robinette*, 33 N.C. App. 42, 234 S.E. 2d 28 (1977). The reliance on *Robinette* is misplaced. Justice Carlton laid the matter to rest in *State v. Williams*, 299 N.C. 652, 263 S.E.2d 774 (1980), saying:

> Furthermore, the jury in this case was properly charged on the issue of acting in concert. Defendant's contention that it is necessary to perform *some act* which forms an *element* of the crime charged in order to be guilty of acting in concert is erroneous. Such has never been the law in this State.

*Id.* at 656, 234 S.E.2d at 777 (emphasis in original).

Justice Exum in *State v. Joyner*, 297 N.C. 349, 356-57, 255 S.E. 2d 390, 395 (1979), stated:

State v. Commedo

The principle of concerted action need not be overlaid with technicalities. It is based on the common meaning of the phrase "concerted action" or "acting in concert." To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose. See definitions of "concert," Webster's Third New International Dictionary 470 (1971). These terms mean the same in the law of crimes as they do in ordinary parlance.

Where the state seeks to convict a defendant using the principle of concerted action, that this defendant did some act forming a part of the crime charged would be strong evidence that he was acting together with another who did other acts leading toward the crimes' commission. That which is essentially evidence of the existence of concerted action should not, however, be elevated to the status of an essential element of the principle. Evidence of the existence of concerted action may come from other facts. It is not, therefore, necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

In the case before us, the evidence is plenary that defendants were acting together pursuant to a common plan and purpose to rob the prosecuting witness. They discussed and planned together how they would lure their victim inside the house for the purpose of assaulting and robbing him. Hammond invited the victim into the house and requested that he be seated. He sat with his back to the door, with defendant Hammond seated opposite him to divert his attention from the door. Only a few seconds later, Commedo entered, completely disguised, and assaulted the victim with a shotgun, taking his money. Then, defendants carried out their planned charade of treating Hammond as a victim. From this evidence the jury could find that both defendants were equally guilty of the crime committed by Commedo pursuant to their common plan and purpose to commit armed robbery. The assignment of error is over-

ruled.

No error.

Judges WEBB and WHICHARD concur.